IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Janet Jo Snyder, f/k/a Phillips, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   17 C 2568 |
| Crown Asset Management, LLC, a Georgia limited liability company, and Dynamic Recovery Solutions, LLC, a South Carolina limited liability company, | ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Janet Jo Snyder, f/k/a Phillips, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.   Venue is proper in this District because: a) many of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3.   Plaintiff, Janet Jo Snyder, f/k/a Phillips ("Snyder"), is a citizen of the State of Tennessee, from whom Defendants attempted to collect a delinquent consumer debt that she allegedly owed for a credit card, despite the fact that she had exercised her rights to refuse to pay the debt and to be represented by the legal aid attorneys at the

Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Crown Asset Management, LLC ("Crown"), is a Georgia limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Crown operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Crown was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, Dynamic Recovery Solutions, LLC ("Dynamic"), is a South Carolina limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Dynamic operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumer in Illinois. In fact, Defendant Dynamic was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant Crown is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

7. Defendants are each authorized to conduct business in Illinois, and maintain registered agents here, <u>see</u>, records from the Illinois Secretary of State,

attached as Group Exhibit <u>A</u>.  In fact, both Defendants conduct business in Illinois.

8.      Moreover, Defendants are each licensed as a collection agency in Illinois, <u>see</u>, records from the Illinois Division of Professional Regulation, attached as Group Exhibit <u>B</u>.  In fact, both Defendants act as debt collection agencies in Illinois.

## FACTUAL ALLEGATIONS

9.      Ms. Snyder is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed for a Comenity Bank credit card account for an Old Pueblo Traders/Arizona Mail Order account.  In response to her financial problems, Ms. Snyder sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her debt problems, including the Comenity debt.

10.     Accordingly, on April 3, 2009, one of Ms. Snyder's legal aid attorneys informed Comenity that Ms. Snyder was represented by counsel, and directed Comenity to cease contacting her and to cease all further collection activities because Ms. Snyder was forced, by her financial circumstances, to refuse to pay her unsecured debt.  Copies of this letter and the fax confirmation are attached as Exhibit <u>C</u>.  Moreover, Ms. Snyder does not even think she owes the debt at issue because, although she had such an account, she paid her account as it came due.

11.     Thereafter, Defendant Crown bought/obtained Ms. Snyder's alleged Comenity account and had Defendant Dynamic send Ms. Snyder collection letters, dated December 28, 2016 and January 17, 2017, demanding payment of the Comenity debt.  Moreover, these letters stated:

\* \* \*

> The law limits how long you can be sued on a debt. Because of the age of your debt, Crown Asset Management, LLC will not sue you for it and Crown Asset Management, LLC will not report it to any credit reporting agency. If you make a partial payment on this account it may restart the statute of limitations on this account.

\* \* \*

A copy of this collection letter is attached as Group Exhibit D.

    12.    Accordingly, on January 23, 2017, Ms. Snyder's legal aid attorneys informed Defendants, in writing, that they represented Ms. Snyder, that she refused to pay the debt and that Defendants should cease communications. A copy of this letter and fax confirmation is attached as Exhibit E.

    13.    Defendants collection letters failed to state that Dynamic could not sue on the debt, and that Dynamic could not make a credit report about the debt. Moreover, by stating that Crown "will not" sue or credit report, rather than it "cannot" sue or credit report, the letter implied that Crown still had the option to take those actions, and that it was simply choosing not to do so.

    14.    In fact, neither Defendant could sue to collect the debt at issue because it was time-barred by the statute of limitations in the State of Tennessee, namely Tennessee Code § 28-3-108 (6 years from the date of the last payment).

    15.    In fact, neither Defendant could file a credit report regarding the debt at issue because no such report can be made once 7 years has passed from the date of last activity.

    16.    The failure of Defendants to disclose that neither Defendant could sue or credit report the debt is material. In Tennessee, collection agencies like Dynamic can, and do, file collection lawsuits for their clients, and nationwide, they also make credit

reports for their clients. Thus, the lack of a proper disclosure would leave the consumer without enough information to make a decision as to what to do about the collection of the debt at issue and cause them to believe Defendants' statements -- that the debt needed to be paid to be "satisfied" or "closed".

17. Defendants knew, or should have known, that there was a problem with the debt at issue. In fact, any reasonable review of the records on this account would have shown that the account should not have been collected upon in the manner at issue in this matter.

18. Defendants' violations of the FDCPA were material because, although Plaintiff had been informed by counsel and believed that she had the right to refuse to pay this debt and to demand that collection communications cease, Defendants' collection communications made Plaintiff believe that her demand had been futile and that she did not have the rights Congress had granted her under the FDCPA.

19. Moreover, violations of the FDCPA which would lead a consumer to alter her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). Here, Defendants' actions caused Plaintiff to question whether she was represented by counsel as to this debt and whether she could be sued or credit reported about the debt, which caused stress and confusion as to whether she was required to pay the debt at issue.

20. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

21. Defendant's collection communications are to be interpreted under the

"unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

22. Plaintiff adopts and realleges ¶¶ 1-21.

23. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

24. Here, the letter from Plaintiff's attorneys told Defendants, through Crown's predecessor-in–interest, to cease communications and cease collections. By communicating regarding payment of this debt, Defendants violated § 1692c(c) of the FDCPA.

25. Defendants' violations of § 1692c(c) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

26. Plaintiff adopts and realleges ¶¶ 1-21.

27. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

28. Defendants knew, or readily could have known, that Plaintiff was represented by counsel in connection with her debt because her attorneys had given notice, in writing, to Crown's predecessor-in-interest, that Plaintiff was represented by counsel, and had directed a cessation of communications with Plaintiff. By directly sending Plaintiff the collection letters, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

29. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT III**
**Violation Of § 1692e Of The FDCPA –**
**False, Deceptive Or Misleading Collection Actions**

30. Plaintiff adopts and realleges ¶¶ 1-21.

31. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A). Moreover, debt collectors are barred from threatening to take any action that the collector cannot legally take, see, 15 U.S.C. § 1692e(5).

32. Attempts by debt collectors to collect time-barred debts via deceptive and misleading collection letters violate § 1692e of the FDCPA. See, Pantoja v. Portfolio Recovery Assocs., 2017 U.S. App. LEXIS 5432 (7th Cir. 2017); see also, Phillips v. Asset Acceptance, 736 F.3d. 1076, 1079 (7th Cir. 2013); McMahon v. LVNV Funding,

7

744 F.3d 1010 (7th Cir. 2014); Buchanan v. Northland Group, 776 F.3d 393 (6th Cir. 2015); and Daugherty v. Convergent Outsourcing, 836 F.3d 507 (5th Cir. 2016).

33. Although Defendants attempted to provide a disclaimer that the debt was time-barred, that disclaimer was ineffective because: a) they failed to foreclose the possibility that Dynamic would not sue on the debt; b) they did not foreclose the possibility that Dynamic could not credit report the debt; and, c) they failed to foreclose that Crown could not legally sue or credit report the debt, not that Crown had simply chosen not to do so.

34. These are materially false or misleading statements that would lead any consumer to believe that they had to pay this debt to avoid being sued, credit reported or having to pay the full amount at some point in the future, see, Lox v. CDA, 689 F.3d 818, 826 (7th Cir. 2012).

35. Defendants' form letters violate § 1692e of the FDCPA, including § 1692e(2)(A) and § 1692e(5).

36. Defendants' violations of § 1692e of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT IV**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

37. Plaintiff adopts and realleges ¶¶ 1-21.

38. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

8

39. Although Defendants attempted to provide a disclaimer that the debt was time-barred, that disclaimer was ineffective because: a) they failed to foreclose the possibility that Dynamic would not sue on the debt; b) they did not foreclose the possibility that Dynamic could not credit report the debt; and, c) they failed to foreclose that Crown could not legally sue or credit report the debt, not that Crown had simply chosen not to do so.

40. These are materially unfair or unconscionable means that would lead any consumer to believe that they had to pay this debt to avoid being sued or being credit reported, see, Lox v. CDA, 689 F.3d 818, 826 (7th Cir. 2012).

41. Defendants, by attempting to collect a time-barred debt via deceptive and misleading form debt collection letters, used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

42. Defendants' violations of § 1692f of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Janet Jo Snyder, f/k/a Phillips, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Snyder, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Janet Jo Snyder, f/k/a Phillips, demands trial by jury.

                                                              Janet Jo Snyder, f/k/a Phillips,

                                                              By: /s/ David J. Philipps
                                                              One of Plaintiff's Attorneys

Dated: April 4, 2017

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com